## CURTIS vs. STRONG.

Appeal from Clay county.

*Practice.*—Where a mistake has occurred in reducing an agreement to writing in which the intention of the parties by reason of the mistake is not truly expressed, such writing may be corrected by a proper resort to a court of equity, so as to disclose the true intention. But as a condition precedent, the mistake must be clearly shown, and generally, that it was mutual, and to effect this result, parol evidence is admissible.

*Same—Evidence.*—An issuable fact in this case was whether or not the intention was to incorporate in a bill of sale of stock, the words "except the beef cattle," and that the mistake was in the omission. Parol evidence to establish the intention and omission was admisible.

*Same.*—That one of the parties to the controversy testified that he did not intend that the words should form part of the contract, was not conclusive of the question.

*Same.*—*Burden of Proof* to establish the mistake is upon the party seeking relief, but the mere fact of a conflict of evidence on the issue does not preclude him from complying with this requirement.

*Same—Evidence.*—Partnership books are admissible in evidence in a suit by one partner against another, but it must first appear that the partner sued had access to the books, or in some way authorized the entries charging him, and that the books were fairly kept. These conditions are preliminary, and are addressed to the discretion of the trial court.

*Presumptions of Law—Charge of the Court.*—It is not true as matter of law, that partnership books are presumed to be correct, and that statements therein can only be corrected for fraud or mistake; and charge to such effect is error both as law, and as a charge upon the weight of evidence.

Reversed and remanded on report of Watts, Commissioner.